MATTHEW ROULSTON *v.* BERNARD CLARK and another.

When a party is engaged in erecting a house upon his own ground, he is not, nor are his workmen, bound to put up temporary partitions about stairways, nor floors across beams, nor use other means, for the protection of intruders who voluntarily enter the unfinished house and venture to walk across the beams or around its well holes.

Where the owner of lots of ground, upon the rear of which are buildings occupied by his tenants, opens a way which they use for their ingress and egress through an adjoining lot, while he is improving the front of the lots by putting up buildings; their visitors have no such license, as visitors, that they can aver a right to pass through the unfinished buildings.

In such case, when the buildings in front are inclosed and new alley ways, which the tenants in the rear begin to use, are arranged along the walls; an obstruction of such alley ways does not give either the tenants or their visitors a right to pass through the houses.

And accordingly, where the father of two of the tenants, wishing to visit his

Roulston *v.* Clark.

daughters in the night season, and finding the alleys along the new houses obstructed, attempted to grope his way through the basement hall and fell down into the cellar; *held*, that he had acted at his peril, and could maintain, for the injury received, no action founded upon the negligence of the mechanics employed in the erection.

Where a party, having been injured while groping, in the evening, along the unfinished hall of a building in course of erection on the front of a lot, sues the owner for negligence in view of the dangerous condition of the hall, and, the owner having charged that the plaintiff was a trespasser, the latter claims to have been there of right and in virtue of a title in his daughters—as tenants of a rear building on the same lot—to a way across the premises, under which he avers a presumptive license in himself as their visitor; *quere*, whether the case involves a question of title to real estate in such sense as to oust the Marine and District or Justices' Courts of jurisdiction?

THIS action was brought to obtain damages for injuries suffered by the plaintiff, from the alleged negligence of the defendants, who were employed in the erection of buildings. The cause was prosecuted in the Marine Court. The plaintiff failed below to recover against the defendant Beaver, the carpenter of the buildings, but obtained a judgment for $350 against the defendant Clark, the mason, who appealed to this court. A complete statement of the material facts is contained in the opinion.

*Alfred Waite,* for the appellant, urged the following points :

I. The plaintiff had no right to pass through the building unless by the appropriate passage way, and if by reason of the obstruction or any other cause, he chose to seek his way through the apartments of the house, he did it at his own peril, and indeed became a trespasser. But the impression on the mind of the court below was, that a right of way through any part of the front houses resulted of necessity by reason of the obstruction, and that the rules governing the use of a private way were the same as those applicable to a public way. The distinction between public and private rights of way is very clear. If a public way is impassable, travellers have a temporary right to pass over the adjoining lands as a " right of way by necessity" (Kent's Com.), and perhaps even

in that case the party would act at his own peril. But no such right is incident to private ways. In *Miller* v. *Bristol*, 12 Pick. 550, 553, it is held : " If a man grants a way to another over his land, designating the course of it between certain termini, the grantee has no right to deviate from the course designated, although the way may become impassable from being overflowed or otherwise," and see *Kirkham* v. *Sharp*, 1 Whart. 323 ; *Tonawanda Railroad Company* v. *Munger*, 5 Denio, p. 265, and cases cited.

II. If it was material on the trial to determine whether the plaintiff had a right of way over that part of the building, the Marine Court lost jurisdiction, it appearing from the plaintiff's own showing, that " the title to real property came in question, and was disputed." (Code, § 59.) The 462d section of the Code, giving the definition of " real property," includes all hereditaments, and see 3 Kent, 419, 452. The objection was taken while the plaintiff's counsel was summing up and is stated in the notice of appeal. It does not appear by the return, but it was thought unnecessary to apply for an amendment as no form of consent could confer jurisdiction.

III. On the plaintiff's own showing, and upon such of the testimony as to which there was no contradiction or conflict, it is submitted that whatever lack of care may be imputed to the defendant, the plaintiff was guilty of such gross negligence and rashness that he should not have had judgment. There is hardly a reported case in which a want of the common instinct of self preservation is so conspicuous. The plaintiff knew the building was unfinished, as he had been there repeatedly and recently. He could not have even used the ordinary precaution of groping his way, as if he had, he scarcely could have fallen through the opening. He knew there was another passage, one through the neighbor's alley, as he had on more than one occasion passed through it. He sought for no light, or assistance in his attempt, and had no pressing occasion to make his visit at all at night. Nor can it be reasonably pretended as a set off to the plaintiff's want of care, that the defendant was guilty of anything like gross negligence. Means were

judiciously arranged to prevent accidents by covering the openings at night, which by mischance failed on this occasion. On the principles stated in *Tonawanda Railroad Company* v. *Munger*, 5 Denio, p. 265 *et seq.* and the cases there cited, the defendant was entitled to a verdict.

IV. On the trial evidence was admitted of damage consequent on the loss of the plaintiff's employment as janitor of a school, and again of a possible future damage to plaintiff's health and strength. As there could be no pretence of malice or such a degree of negligence as in law might be held equivalent, we submit this was in both instances error.

V. For the reason last assigned, the court below erred in awarding general or exemplary damages.

VI. On the whole case it is respectfully contended the verdict is against the law and evidence and should be reversed with costs.

*Henry C. Banks* and *Louis N. Glover*, for the respondent (plaintiff), argued the following points.

I. The plaintiff was entitled to a right of way, and was allowed by the owner the very right of way of which he availed himself, and if, as is the case here, the defendant prevents the plaintiff from going through the ordinary passageway by obstructing it in such a manner as to render it impassable, the plaintiff had a right to, and would have been correct in seeking the next nearest passage way, and the authorities cited by the appellant's counsel have no bearing on this case.

II. The second objection of the appellant is untenable, because it did not appear on the trial that the title to real property came in question, nor was such title or any title disputed by the defendant.

III. It does not appear that the plaintiff was guilty of any negligence, but on the contrary used every possible prevention, and the defendant by leaving the hole through which the plaintiff fell uncovered, after having been remonstrated with by the owner, and informed that persons had already

fallen down there, was guilty of such gross, willful, and unpar-donable neglect and carelessness as to have justified the justice in giving exemplary damages, although that was not done.

IV. No evidence was admitted of damage consequent upon the injury. The defendant was entitled to recover, and the amount was in the sound discretion of the court; and it was proper to introduce evidence of the plaintiff's employment, etc., in order to give the court a criterion by which to judge of the amount of damages. Besides, the evidence was introduced without objection from the defendant.

BY THE COURT. WOODRUFF, J.—The facts in this case, upon which the disposition of the appeal herein seems to depend, may be stated thus:

One McCoy was the owner of certain two lots of ground on the northerly side of twenty-ninth street, Nos. 127 and 129, respectively, upon the rears of which were tenements, occupied as dwellings by his tenants, among whom were two of the plaintiff's daughters, who occupied the rear of No. 127. Being about to erect two houses on the fronts of the two lots, which would temporarily render the rear buildings inaccessible from the street, the owner and landlord obtained permission to open a door through the fence into the lot next westwardly adjoining, and the privilege of allowing the occupants of his rear buildings to pass out and in, to and from the street through such door and through a passage way under the front building thereon. And he thereupon notified the tenants of their privilege to use such mode of access and egress, and they thereafter used it.

The cellars for the front buildings were thereupon dug, and the buildings commenced by the defendants, the one being a carpenter, viz. Mr. Beaver, and the other, Mr. Clark, being the mason, under contracts with the owner for that purpose. The form or substance of these contracts we are unable to consider, since, although referred to in the return, they are not laid before us, and therefore, whether there is anything in them

which affects the questions raised on the appeal we are, of course, ignorant.

In the progress of the work, the cellars were dug, the walls erected, and the buildings made to cover the entire front of the lots; but, along the westerly side of the easterly wall of No. 127, there was left an alley three feet wide, running through and opening into the yard in the rear, intended for the ingress and egress of the occupants of the building in the rear; and, adjoining the same, towards the west, and separated from this alley by a wall, was the basement entrance to the front house (No. 127), and the usual basement hall running through the building. In that were intended to be placed the cellar stairs, and the usual opening for a staircase was left in the arrangement of the floor beams and on laying the floor. The same arrangement was made in the basement of No. 129, on the westerly side of the easterly wall thereof. The upper stories of both buildings, of course, extended over these alley ways.

After the basement floors were laid, but while the buildings were in progress, and while these contemplated alley ways were to a greater or less extent obstructed by building materials, or tools, or scaffolding, used by the workmen, the tenants in the rear began to use these alley ways for ingress and egress, and the plaintiff who was, it would seem, in the frequent habit of visiting his daughters, and who, as testified, was aware of and had used the passage way through the adjoining lot, and who had also, after the floors were laid, frequently passed through the alley ways designed for the use of the tenants, came to the premises in the night time, and attempted to pass to the rear through the basement door and hall of the house No. 129; and, in doing so, he fell through the opening left for the cellar stairs, and received the injury complained of in this action.

The evidence showed, no doubt to the satisfaction of the court below, that on this night the alley ways in the two houses were obstructed so as to render a passage through them in the dark difficult and perhaps dangerous; while, on the other hand, it was not claimed that the passage way through

the adjoining lot was not open to the use of all who had occasion to visit the rear buildings; on the contrary, that passage was shown to have been open until shortly before the trial of the cause.

To recover damages for the injury thus sustained, the plaintiff has brought his action against both the carpenter and the mason employed in the erection of these buildings, alleging as the ground of claim their negligence in leaving the place for the stairway to the cellar in the basement open.

The court below have acquitted the carpenter and found the mason guilty, and from the judgment against the latter for the damages assessed he appeals.

So far as I can discover from the return, the reason for the discrimination would seem to be that it appeared that the carpenter's men did very often cover this opening, and the mason's workmen, finding it indispensable to the performance of their work in the cellar to admit light, would remove the covering.

Various other facts appeared on the trial bearing on the question of the extent of obstruction in the alley ways, and the negligence of the plaintiff himself, and the nature and consequences of the injury, and the proper amount of damages; but I do not think it necessary to enter into these particulars, or the objections to the evidence, or the exceptions of the defendants to the rulings relating to those points.

Upon the whole case, it appears to me that the mason is not liable to this plaintiff upon any ground of negligence whatever.

It is not claimed by the plaintiff's counsel that either an owner or his contractor or workmen engaged in erecting a house upon his own land, is liable for the injuries which persons may sustain who visit the building in its unfinished state, and either for their own pleasure or convenience choose to walk over the beams or around the openings for stairs. If persons voluntarily choose to enter, or to attempt to pass through, they do so at their own peril, and neither owner nor workmen are bound to put up protection walls, or lay temporary floors to secure the safety of mere intruders. The principle of the cases of *Talmedge* v. *The Rennsalaer and Saratoga Railroad*

*Company*, 13 Barb. 493; and *Brooks* v. *New York and Erie Railroad Company*, ib. 594, and the cases cited therein, as well as *Munger* v. *The Tonawanda Railroad Company*, 4 Com. 349 (in Supreme Court, 5 Den. 255), apply to such a case, whether the injured party be a trespasser or merely guilty of negligence, or suffering the consequences of his own folly in exposing himself to danger.

But this case is supposed to be taken out of the principle of these cases, by the fact that the owner's tenants had a right of way from the street to their place of residence; and, therefore, their visitors had the same right, and having such right, they and their visitors, when they found the alley ways obstructed, had also the right to pass through the basement hall, and so were not either trespassers, nor negligent, nor intruders.

It is not necessary to discuss the rights of these tenants as against the owner in detail. If their agreement with him for the occupation of his tenements secured them rights which have been violated by the obstruction of their access to their dwellings, doubtless they have their recourse to the owner; and I incline to the opinion that, if the right of the plaintiff to recover in this action depends upon the question whether those tenants or their visitors had a right of way through the alleys referred to, or a right of way by necessity or otherwise through the basement hall, in which the accident happened, and this appeared as I think it must on the plaintiff's own showing, the jurisdiction of the court below ceased, and he should have dismissed the cause.

That results from this view of the subject, viz. *primâ facie* the plaintiff was a trespasser, groping in the dark along the unfinished hall of another man's building; and, upon the principles above referred to, acting in his own wrong or in pursuance of his own folly and, therefore, at his own peril. To relieve him from this position, the plaintiff essays to prove that he was there of right, and in virtue of a title in his daughters, to a way across the premises, under which he had presumptive license as their visitor. Why is not this of necessity raising a question of title, and a title which the plaintiff must prove

before he can be entitled to recover? This is even now the ground upon which his counsel seeks to maintain the judgment. And, be it observed that the case in no wise proceeds upon the ground that the basement was carelessly left open so as to deceive those who desired to enter the alley way, and lure them in the darkness to a pitfall. On that ground there is nothing to fix liability on the mason; but it proceeds solely on the idea that the plaintiff knew where he was, and that he entered the house voluntarily and of right, because the alley way was obstructed.

Without deciding the case, however, upon the ground of failure of jurisdiction, I may assume it, as conceded on the trial, that the tenants in the rear had a right of ingress and egress to and from the street, and that the plaintiff as their visitor had presumptive license to go and come also. How, then, does the plaintiff's case stand affected by that presumption?

It is said that the alley way being obstructed, there was, by the law of necessity, another way opened to them. No authority is furnished for such a conclusion, nor do I perceive how any such consequence results. If the right of way of the tenants was obstructed, they had their redress against whomsoever created the obstruction; but, because the workmen stopped the alley way wrongfully, it did not convert the owner's house adjoining into a path for their use. They might remove the obstructions as a nuisance and recover damages, but that is all.

But this alleged right of passage through the basement by necessity, fails for another reason. They had another way which had been opened for their use, and the plaintiff knew it, and had used it, and it was still open. There was, therefore, in no sense, a right of way by necessity anywhere, nor to any of the parties.

Again, what ground is there for saying that the stoppage or obstruction of the alley way converted the basement hall into a way for their use? Why not the hall of the first floor as well? and why not any part of the premises which the plaintiff chose to enter? If it be said that he might select the most

convenient way, the first answer would be, let him take the way through the lot adjoining, which had been provided in view of the interruption occasioned by the erection. At all events, let him not take a way full of peril, and then ask compensation for the injury sustained there.

Suppose the basement door, also, had been closed; or, still better, suppose that he, fearful of the fall into the cellar (the danger of which in the dark seems by no means less than the obstructions in the alley), had chosen to climb in at a window, it could not for a moment be claimed that he should be protected against a broken neck, or a bruised head, or soiled garments, if he encountered the usual appliances or materials employed in the progress of a building.

Without pursuing the subject further, or inquiring how far a mere visitor is entitled to set up any such claim of right as is insisted upon in support of this action, or inquiring whether upon any facts appearing by this return, the mason employed in one department of the building could be subjected to liability upon such a claim, it must suffice to say that I cannot regard the plaintiff otherwise than as acting at his own peril in entering the basement of this house; and the mason was under no duty to him upon which the charge of negligence can rest.

In my opinion, therefore, the judgment should be reversed and judgment ordered for the defendant with costs.

Judgment reversed with costs.